Lillie G. Whittaker
vs.                    } No. 44805
Thomas E. Galleshaw

DECISION
June 20, 1919

BROWN, J.    On demurrer to the declaration.

This is an action of trespass on the case for negligence in running an automobile against the plaintiff while she was in the act of crossing North Main Street in the City of Providence. The declaration is framed in three counts.

To the first count the defendant demurs on the ground (1) that the plaintiff erroneously states the duty which the defendant owed to her as a traveler on the highway, insisting that the duty as stated by the plaintiff makes the defendant an insurer of her safety;

(2) on the ground of duplicity in this, that she alleges several distinct acts of negligence contributing to the accident.

To the second count the defendant demurs on the ground (1) that the defendant was under no duty as alleged in that count to give timely signal with a bell, horn or other device when approaching a person lawfully using the highway under the circumstances alleged;

(2) that it does not appear that the defendant had notice that plaintiff was upon the highway immediately prior to the accident.

(3) on the ground of duplicity in that it alleges several distinct acts of negligence contributing to the accident.

To the third count the defendant demurs on the ground (1) that he was under no duty as alleged to have lights on his automobile so that persons on the highway might see the automobile and so that the driver of the automobile might see a person using the highway as alleged in the count; and

(2) on the ground that it does not appear that the negligence of the defendant in failing to have lights on his automobile was the proximate cause of the injury.

In the first count the plaintiff alleges that she was lawfully crossing the highway and was in the exercise of due care; that the defendant ran and managed his automobile so negligently and carelessly that he ran into, upon and against her, doing the injury complained of.

Substantially the same allegations are made in the second and third counts. She therefore states a good cause of action.

"In collisions, it is almost impossible to do more than state the fact that while upon a highway, in the exercise of due care, the plaintiff was run into by the defendant. This raises a presumption of negligence, nothing appearing to the contrary, because of the defendant's control of the agent of the injury, and because such accidents do not occur without negligence. The plaintiff can seldom know or state just how it was done, whether by carelessness in one way or the other, or even by

design."

Parker vs. Providence & Stonington St. Co. 17 R. I. 376.

The causes of demurrer on the ground that the duty arising from the facts alleged is improperly stated are not well taken.

"To constitute good pleading the facts alone must be alleged. It is a general rule which applies to all pleadings, whether at common law, in equity, or under the codes, that legal conclusions should not be pleaded."

Where the facts are given, the legal consequences will follow from them. A party is not bound by the allegation of a conclusion of law. A pleader is under no obligation to deny the legal conclusions set out in the pleadings of his adversary; indeed it would be improper for him to do so.

"Every fact which the party must prove to sustain his pleading must be averred, and mere legal conclusions improperly inserted are of no effect and may be ignored by the court, or they may be treated as mere surplusage and stricken out on motion. Surplusage alone, however, will not vitiate a pleading; therefore where sufficient facts are stated the pleading is good though it contains allegations of legal conclusions."

372

12 Encyclopedia Pl. & Pr. 1020, (1), 1024 ((11), 1028 (6).

Will's Gould on Pleading, (6th ed) 200.

As to the cause of demurrer on the ground of double pleading.

In the first count, the plaintiff alleges that the defendant did not have his automobile under control; that he managed it negligently and carelessly and at a high and excessive rate of speed.

In the second count the plaintiff alleges that the defendant did not have his automobile under control; that he ran and managed it so negligently and carelessly and at such high and excessive speed and silently and without giving timely signal with a bell, horn

371, 372

or other device, that he ran said automobile upon the plaintiff, &c.

In the third count, the plaintiff alleges that the defendant did not have lights showing on his said automobile, but ran and managed said automobile so negligently and carelessly and without lights showing that he ran into and against plaintiff.

The defendant contends that these counts are bad for double pleading.

"A double plea is one which consists of several distinct and independent matters alleged to the same point and requiring different answers. But this rule is not violated by introducing several matters into a plea if they be constituent parts of the same entire defence."

McAleer vs. Angell, 19 R. I. 688.

"No matter however multifarious will operate to make a pleading double that together constitutes but one connected proposition or entire point."

Perry's Common Law Pl., 310.

The rule applies alike to the declaration and all subsequent pleadings.

Stephen on Pleading (9th ed) 251.

"Nor will the mere diversity of facts set up in a count render it double when

373

all the facts taken together tend to the statement of one point or ground of recovery."

7 Encyclopedia Pl. & Pr. 238 (3).

Stephen on Pleading, (supra) 262 (5).

As to the neglect to have a light on the automobile not appearing to be the proximate cause of the injury, it may be said sufficient is alleged in the count to state a cause of action without this allegation. The most that can be said against the allegation is that it is surplusage, and if so it can only be reached by a motion to strike out and not by demurrer. It cannot even be treated however, as surplusage. It is alleged that the accident occurred between ten and eleven o'clock at night. If no light was displayed on the automobile as required by statute, this circumstance would have a bearing on the plaintiff's exercise of due care, and tend to ex-

372, 373

plain her failure to see the automobile's approach, and is therefore properly alleged.

It is unnecessary for the plaintiff to allege that the defendant had notice that she was upon the highway immediately prior to the accident. The defendant was bound to take notice that others were likely to be traveling upon the highway and to govern his conduct with due regard to their rights.

The demurrer is overruled.

For plaintiff: Lellan J. Tuck.

For defendant: Wilson, Churchill & Curtis.